J-S30004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNESTO ALMODOVAR | |
| Appellant | No. 1255 EDA 2011 |

Appeal from the PCRA Order April 14, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700241-2003

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JUNE 01, 2015**

Appellant, Ernesto Almodovar, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] In addition to Appellant's convictions set forth in the PCRA court's opinion, the court also convicted Appellant of unlawful restraint; the court sentenced Appellant to 1-2 years' imprisonment for that offense, concurrent to Appellant's sentence for rape.  Further, the PCRA court opinion states it denied PCRA relief on May 3, 2011.  The court actually denied relief on April 14, 2011 (following issuance of appropriate notice of intent to dismiss the

*(Footnote Continued Next Page)*

Appellant raises one issue for our review:

> WAS APPELLANT…DENIED EFFECTIVE ASSISTANCE [OF] COUNSEL IN THAT TRIAL COUNSEL FAILED TO PRESENT TESTIMONY THAT APPELLANT HAD NEVER BEEN INFECTED WITH THE HUMAN PAPILLOMAVIRUS (HPV) TO REBUT THE COMMONWEALTH'S THEORY THAT THE COMPLAINANT WAS INFECTED BY [APPELLANT] AS THE RESULT OF THE INCIDENT GIVING RISE TO THE CHARGES IN THIS CASE.

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997).

*(Footnote Continued)* —————————

petition without a hearing per Pa.R.Crim.P. 907); Appellant timely filed a notice of appeal on May 3, 2011. The PCRA court also states it ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nevertheless, the docket entries show Appellant filed a voluntary concise statement on June 1, 2011.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Willis W. Berry, Jr., we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (**See** PCRA Court Opinion, filed April 20, 2012, at 4-6) (finding: Victim positively identified Appellant as person who sodomized Victim and threatened to kill him if Victim told anyone; Victim admitted he had also been sexually assaulted in past by someone other than Appellant; Victim's testimony was credible and trustworthy; Appellant's assertion that outcome of trial would have been different had trial counsel presented evidence that Appellant is not HPV carrier, and could not have infected Victim with HPV, is irrelevant in light of Victim's testimony; evidence of who infected Victim with HPV is tangential to whether Appellant committed crimes charged; Victim did not assert that Appellant infected Victim with HPV; it is wholly conceivable that someone other than Appellant could have infected Victim with HPV; Appellant's proffered evidence would not have yielded different outcome of trial; thus, Appellant's ineffectiveness claim fails). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2015

Circulated 05/06/2015 03:59 PM

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

**FILED**

APR 20 2012

**Post Trial Unit**

COMM. OF PENNSYLVANIA      :      CP51-CR-0700241-2003

     :

v.      :

ERNESTO ALMODOVAR,      :

     Appellant      :      No. 1255 EDA 2011

## OPINION

BERRY, J.                             DATE: April 17, 2012

### PROCEDURAL HISTORY

Appellant was originally before this court, sitting without a jury, in a bifurcated matter on May 27, 2004, and August 5, 2004, and found guilty of Rape (F1), Involuntary Deviate Sexual Intercourse ("IDSI") (F1); Sexual Assault, Statutory Sexual Assault, Indecent Assault, Corrupting Morals of a Minor ("CMOM"), Indecent Exposure, False Imprisonment, and Terroristic Threats. Appellant was determined to be a sexually violent predator on November 22, 2004, after a Megan's Law hearing, and was sentenced on January 25, 2005, to the following: seven to twenty years for Rape (F1); seven to twenty years for IDSI (F1), concurrent to the Rape conviction; one to five years for Indecent Assault, consecutive to the Rape and IDSI convictions; one to two years for CMOM, concurrent to the Rape conviction; one to two years for Indecent Exposure, concurrent to the Rape conviction; six to twelve months for False Imprisonment, consecutive to the Indecent Assault conviction; and one to two years for Terroristic Threats, concurrent, to the Rape conviction. Appellant's aggregate sentence was eight and a half to twenty-six years incarceration. Appellant filed a timely notice of appeal, but it was dismissed for counsel's failure to file a brief. Appellant's right to appeal was

1

reinstated *nunc pro tunc* on May 24, 2006 and Appellant's conviction was affirmed by the Pennsylvania Superior Court on June 9, 2008. Appellant filed a timely *pro se* petition under the Post Conviction Relief Act (PCRA) and attorney Norman Scott was appointed PCRA counsel on August 11, 2009. Appellant subsequently filed an amended petition averring ineffective assistance of counsel which was denied for lack of merit on May 3, 2011.

This timely appeal follows.

FACTS

Appellant's convictions stem from his sexual assault on six year old complainant ⸺ B. while he lived with complainant in Philadelphia. Appellant was dating complainant's aunt, and was a good friend of complainant's uncle. The assault took place in the kitchen late in the evening while complainant's mother was at work, and his grandmother and aunt were sleeping upstairs. Complainant entered the kitchen to fix a bowl of cereal and found appellant sitting at the table, in the dark. While complainant fixed his cereal, appellant grabbed him by his hands and pushed him up against the refrigerator face first. Appellant then put complainant's hands on the refrigerator above his head, pulled down complainant's pants and underwear, and stuck his penis in complainant's anus. When complainant screamed out in pain, appellant threatened to kill him and burn down the house if he told anyone. Appellant then locked complainant in the backyard for an unspecified amount of time when he tried to run upstairs and tell his grandmother. Although complainant could not determine how long before appellant let him back in the house, he testified that it "was a long time."

Complainant does not remember exactly what month the incident took place, only

2

that it was "cold outside", but it was not reported until May 22, 2003, when complainant's mother, G.C. took him to a doctor after finding warts on his anus. Complainant had admitted to her that the night before, his 12 year old cousin had put his penis in complainant's anus when he was five years old. Upon examination, complainant was diagnosed with genital warts, a symptom of the sexually transmitted disease caused by the Human Papilova Virus ("HPV"). When his mother asked him if anyone else had touched him, complainant admitted that he had been touched by his six year old cousin as well. G.C. explained to him what a sexually transmitted disease was, and how it was transmitted. She named all of the men who had lived in her house recently, starting with her brother, brother-in-law, and the construction workers that entered her home, and asked complainant if any of those men had touched him while they were at the house, to which complainant said no. When G.C. asked complainant whether appellant had ever touched him, he looked down at the floor and denied it. G.C. told him she thought he was lying, and asked him again whether appellant touched him, and complainant denied it a second time. When they returned home from the doctor's office, G.C. asked her son a third time whether appellant had touched him, and he admitted that appellant had touched him, and that he lied the previous times because appellant had threatened to burn the house down.

G.C. called her brother and told him what complainant said about appellant, and her brother called appellant's brother to arrange a meeting at her house. When appellant showed up, G.C. called the police, who arrived shortly after. Complainant told the officers that appellant "put his pee-pee on my behind" and appellant was placed under arrest.

3

As a result of the assault, complainant undergoes counseling at least once a week, suffers from depression and increased anger, has attempted to commit suicide on two separate occasions, (the first by jumping in front of a car, and the second by climbing into a trash dumpster before getting placed into a garbage truck), and now attends a special needs school in Philadelphia for children with behavioral and other developmental needs.

ISSUE

In response to this Court's Order for a Statement of Matters Complained of on Appeal, Appellant raises the sole issue:

1. The defendant was denied effective assistance of counsel in that trial counsel failed to present testimony that the defendant had never been infected with the Human Papillomavirus (HPV) to rebut the Commonwealth's theory that the complainant was infected by the defendant as the result of the incident giving rise to the charges in this case.

DISCUSSION

The Court properly dismissed Appellant's PCRA petition for lack of merit.

In order to establish a successful claim of ineffective assistance of counsel, Appellant must prove: 1) that the underlying claim has merit; 2) that there was no reasonable basis for the course of conduct taken or not taken by counsel; and 3) that Appellant was so prejudiced by the ineffective representation, that the outcome would have been different, if not for the ineffective representation, Commonwealth v. Rollins, 558 Pa 532, 738 A.2d 435 (1999), 1999 Pa Lexis 2908, application for re-argument

4

den'd; Commonwealth v. Douglas, 558 Pa. 412, 737 A.2d 1188 (1999). Counsel will not be deemed ineffective for failing to assert a meritless claim, Commonwealth v. Durst, 522 Pa. 2, 559 A.2d 504, 505, (1989).

Appellant avers that the outcome of his trial would have been different had trial counsel presented medical evidence that he was not a carrier of HPV, could not have infected complainant with HPV, and therefore could not have raped complainant. This argument is wholly irrelevant in light of the fact that Complainant positively identified Appellant, and testified that Appellant was the one who sodomized him in a darkened kitchen while his grandmother slept upstairs, threatened to kill him if he told anyone, and locked him out of the house when he tried to run upstairs and tell his grandmother. Further, Complainant admitted that Appellant was not the only individual that had sexually assaulted him.

Complainant's testimony was deemed credible and trustworthy, and the Court sitting as fact-finder believed his testimony; whether Appellant was the one who infected Complainant with HPV is merely tangential to the issue of whether or not he committed the crimes charged. Complainant never asserted that Appellant infected him. It is wholly conceivable that Complainant could have received HPV from another individual, but it is irrefutable that Appellant was the one who terrorized and assaulted him.

The improper assertion that the Court relied on the presence of HPV to convict Appellant is his own, and need not be ascribed to trial counsel. Therefore Counsel can not be deemed ineffective for failing to employ a strategy that would not have yielded a different result. Appellant's petition was therefore properly denied.

5

## CONCLUSION

For the above reasons, this Court's judgment should be affirmed.

J.

6